IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01041-BNB

ANTHONY LAWRENCE GARCIA,

      Applicant,

v.

TRAVIS TRANI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

ORDER STAYING CASE
_____

      Applicant, Anthony Lawrence Garcia, is in the custody of the Colorado

Department of Corrections (CDOC) at the Sterling Correctional Facility.  Mr. Garcia has

filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No.

1) challenging his convictions in the District Court for the City and County of Denver,

Colorado.  Mr. Garcia has been granted leave to proceed *in forma pauperis*, 28 U.S.C.

§ 1915.

      Mr. Garcia was convicted by a jury in October 2009 in Denver District Court Case

No. 09CR801 of second degree assault, felony false imprisonment, third degree

assault, and related misdemeanor offenses.  The trial court adjudicated him an habitual

criminal and imposed an aggregate prison sentence of 32 years.  Mr. Garcia initiated

this action on April 11, 2014.  He asserts five claims.  The parties agree that Applicant

has not exhausted state court remedies for his fourth and fifth claims--asserting the

ineffective assistance of trial and appellate counsel (IAC claims).  (ECF No. 9, at 17; No. 10).

## I.  Applicable Legal Standards

Mr. Garcia's *pro se* pleadings are afforded a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Although the Court does not act as an advocate for a *pro se* litigant, *see Hall*, 935 F.2d at 1110, because of the procedural complexities inherent in habeas corpus proceedings, some advisement to Applicant is warranted in this action.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

## II.  Analysis

Because Mr. Garcia is asserting both exhausted and unexhausted claims, the Court ordered him to show cause why the § 2254 Application should not be denied as a mixed petition.  *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133.  In the show cause order (ECF No. 11), the Court advised:

> In order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted.  If an applicant wishes to pursue all of his claims in federal court the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies.  He then may file a new application for a writ of habeas corpus once all of his claims are exhausted.

A decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application.  *See* 28 U.S.C. § 2244(b).  Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file.  Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").  The fact that the instant action currently is timely under § 2244(d) does not mean that any future action filed by Mr. Garcia will be timely.

(ECF No. 11, at 3-4).

### A.  Procedural History of Applicant's Claims in the State Courts

The portions of the state court record provided by Respondents show that the Colorado Supreme Court denied certiorari review in Applicant's direct appeal proceeding on April 29, 2013.  (ECF No. 9-3).  Applicant's conviction became final ninety days later, on July 29, 2013,[1] when the time for filing a petition for certiorari review with the United States Supreme Court expired.  *See* Sup. Ct. R. 13(1); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  The AEDPA one-year limitation period applicable to Mr. Garcia's federal application began to run on July 30, 2013, and will expire one July 30, 2014, unless statutory tolling applies. *See* 28 U.S.C. § 2244(d)(1)(A) (one-year period begins to run from the date the criminal conviction becomes final); *United States v. Hurst*, 322 F.3d 1256, 1260-62 (10th Cir. 2003) (concluding that one-

---

[1]Because the ninety-day period for filing a petition for certiorari review with the United States Supreme Court ended on Sunday, July 28, 2013, Mr. Garcia's conviction became final on Monday, July 29, 2013.  *See* Fed. R. Civ. P. 6(a)(1)(C).

year limitation period commences the day after expiration of the time for seeking review; and, anniversary method applies to calculation of one-year period).

On September 24, 2012, while Mr. Garcia's direct appeal was pending, he filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(a) and (c)(1) ("the first Rule 35 motion"). (ECF No. 9-1, at 13). The Colorado Court of Appeals decided Applicant's direct appeal on October 4, 2012. *See People v. Garcia,* No. 10CA0736 (Colo. App. Oct. 4, 2012) (unpublished decision). (ECF No. 9-5). Six days later, on October 10, 2012, the state post-conviction court denied the first Rule 35 motion for lack of subject matter jurisdiction. (ECF No. 1, at 8). Applicant, through counsel, filed an appeal of the district court's October 10, 2012 order on November 8, 2012 (ECF Nos. 9-1, at 12; 9-2), which remains pending before the Colorado Court of Appeals in *People v. Anthony Garcia*, Case No. 12CA2290. (ECF No. 9, at 3). Applicant's subsequent *pro se* post-conviction motion (raising the IAC claims), filed on April 4, 2014, was denied by the state post-conviction court for lack of subject matter jurisdiction on April 14, 2014, based on the pending appeal. (ECF No. 12, at 10). As such, Applicant has not been able to exhaust his IAC claims.

The AEDPA time clock is tolled by a properly filed motion for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000) (properly filed motion for state post-conviction relief tolls the statute of limitations while motion is pending). Generally, a post-conviction motion filed while a direct appeal is pending does not toll the limitations period because the state district court lacked jurisdiction at that time. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (state application for post-conviction relief is properly filed when its delivery and acceptance

5

are in accordance with applicable state laws and rules governing filings); *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004) (postconviction motion not properly filed where state court lacked jurisdiction over it because of applicant's pending appeal). Here, however, Mr. Garcia has argued on appeal that the trial court erred in dismissing his first Rule 35 motion for lack of jurisdiction where the motion sought relief based on a change in the law that affected his sentence, as permitted by Colo. R. Crim. P. 35(c)(1).[2]  (ECF No. 9-2, at 6).  If the state appellate court agrees with Applicant, but does not issue a ruling until after the one-year limitation period expires on July 30, 2014, the pendency of the state post-conviction proceeding will have tolled the one-year limitations period.  However, tolling may not apply if the Colorado Court of Appeals determines, after July 30, 2014, that the first state post-conviction motion was filed improperly because Mr. Garcia's direct appeal was pending.

## B. Stay of Proceedings

The federal habeas court may *sua sponte* stay a § 2254 Application where the applicant's return to federal court will be barred by the one-year limitation period.  *See Akins v. Kenney*, 410 F.3d 451, 456 (8th Cir. 2005) (reversing dismissal of mixed petition and remanding case to district court to determine whether a stay was warranted pending exhaustion of state court remedies, citing *Rhines v. Weber*, 544 U.S. 269, 275-

---

[2]Colo. R. Crim. P. 35(c)(1) states:

If, prior to filing for relief pursuant to this paragraph (1), a person has sought appeal of a conviction within the time prescribed therefor, and if judgment on that conviction has not then been affirmed upon appeal, that person may file an application for postconviction review upon the ground that there has been a significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard.

6

76 (2005)).  However, because staying a federal habeas petition frustrates the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition, "stay and abeyance should be available only in [the following] limited circumstances":  (1) the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in the state court; (2) the unexhausted claims are not "plainly meritless"; and, (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78.

Mr. Garcia states in his June 17, 2014 Response to Show Cause Order (ECF No. 12), that on March 31, 2014, he filed a request with the state district court to stay his Colo. R. Crim. P. 35(c) motion (asserting the IAC claims) while his appeal on the first Rule 35 motion was pending so that his federal habeas petition would not be time-barred.  (ECF No. 12, at 6-8).  The state district court denied Applicant's request for a stay and dismissed the Rule 35(c) motion, concluding that it lacked jurisdiction because of the pending appeal.  (*Id.* at 10).

As discussed above, Mr. Garcia has until July 30, 2014, to file his federal application.  If the Colorado Court of Appeals enters a decision in Case No. 12CA2290 before July 30, 2014, Mr. Garcia may refile his second Rule 35 motion (asserting the IAC claims) in the state district court before the one-year period expires, and thereby toll the limitation period while that motion is pending.  Applicant could then return to federal court and assert all of his federal claims before the one-year period expires.  However, if

the state appellate court does not rule in Case No. 12CA2290 until *after* July 30, 2014, Applicant's IAC claims may be forever time-barred.

Applying *Rhines*, the Court finds, based on the record now before it, that Applicant has shown good cause for his failure to exhaust his IAC claims in the state courts. The Court further finds that Mr. Garcia has not engaged in abusive litigation tactics or intentional delay. Instead, he has acted with due diligence in attempting to exhaust state court remedies for his federal claims. Finally, it is not clear from the allegations of the § 2254 Application that all of Applicant's ineffective assistance of trial and appellate counsel claims are "plainly meritless." *Rhines*, 544 U.S. at 277.

Although Mr. Garcia has indicated a desire to dismiss claims four and five and proceed only with his exhausted claims at this time, he has also expressed confusion about the import of that decision. The Court finds that the Applicant's interest in obtaining federal review of all of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Accordingly, this action will be stayed pending the Colorado Court of Appeals' determination of Applicant's appeal of the denial of his first Rule 35 motion in Case No. 12CA2290. Respondents represent that the case is fully briefed and oral argument was requested on April 15, 2014. (ECF No. 9, at 3). It is therefore

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), filed by Applicant Anthony Lawrence Garcia, is STAYED pending the Colorado Court of Appeals' determination of Applicant's appeal of the denial of his first state post-conviction motion in Case No. 12CA2290. It is

FURTHER ORDERED that the parties shall notify the Court in writing of the Colorado Court of Appeals' decision in Case No. 12CA2290, **within five (5) days after the decision issues**, and shall provide the Court a copy of the Colorado Court of Appeals' opinion.  The Court will enter further orders thereafter.

DATED June 19, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

9