IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01041-BNB

ANTHONY LAWRENCE GARCIA,

    Applicant,

v.

TRAVIS TRANI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER

    The Court stayed this action on June 19, 2014 (ECF No. 15), so that Mr. Garcia could exhaust state remedies for his unexhausted federal claims and not be subject to a potential time bar, under 28 U.S.C. § 2244(d), if he dismissed his mixed petition without prejudice and returned to federal court at a later date.  Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), the Court found that Applicant had demonstrated good cause for his failure to exhaust federal claims in the state court; that his unexhausted claims are not "plainly meritless"; and, that he has not engaged in abusive litigation tactics or intentional delay.  *Rhines*, 544 U.S. at 277-78.

    In the stay order, the parties were directed to notify the Court when the Colorado Court of Appeals issued a decision in *People v. Anthony Garcia*, No. 12CA2290.  On September 3, 2014, Applicant's counsel in the state collateral proceeding notified the Court that the state appellate court issued a decision on August 28, 2014.  (ECF No. 21).  In No. 12CA2290, the Colorado Court of Appeals ruled that the state district court

had jurisdiction to address Applicant's post-conviction motion filed under Colo. Crim. P. Rule 35(c)(1), but denied Applicant's request for relief.  (ECF No. 21, at 7) ("We therefore conclude that, because it is undisputed that defendant timely filed his Crim. P. 35(c)(1) motion while his direct appeal was pending, but before this court ruled on his appeal, the trial court had jurisdiction to receive and hear defendant's motion.").

In light of the favorable jurisdictional ruling in Colorado Court of Appeals' Case No. 12CA2290, it now appears that Mr. Garcia's Colo. Crim. P. Rule 35(c)(1) motion was properly filed and, therefore, tolled (and possibly continues to toll) the AEDPA one-year limitation period.  *See* 28 U.S.C. § 2244(d)(2).  Consequently, it does not appear that continuing abatement of this case is necessary to protect Applicant's federal filing rights.  Accordingly, it is

ORDERED that the parties shall respond to this Order, in writing, within twenty-one (21) days, and address whether a continuing stay of this action is warranted under *Rhines*.

DATED September 25, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge